UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOROTHY M. JOHNSON,

*Plaintiff,*

v.                                              No. 26-cv-13497-PGL

DAVID STEINER, Postmaster General, et al.,

*Defendants.*

ORDER

LEVENSON, U.S.M.J.

On July 31, 2026, Dorothy M. Johnson, a resident of Dedham, Massachusetts, filed a *pro se* complaint, an application to proceed in district court without prepaying fees or costs, and a motion for appointment of counsel. Docket Nos. 1–3. This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 4.

Upon review, the Court hereby orders:

1.  The application to proceed in district court without prepaying fees or costs is GRANTED.

2.  The motion for appointment of counsel is DENIED WITHOUT PREJUDICE for reconsideration as the case progresses.

3.  The Clerk shall provide Plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

4. The Clerk shall issue summons for service of Defendants and Plaintiff shall serve the summons, complaint, consent package, and this Order in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Plaintiff shall review Rule 4(d) of the Federal Rules of Civil Procedure, which provides for an easier and less expensive means of effecting service, via first class mail, for defendants who are willing to waive formal service.

6. Because Plaintiff is proceeding *in forma pauperis*, Plaintiff may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by Plaintiff, the USMS shall serve copies of the summons, complaint, the consent package, and this Order upon Defendants as directed by Plaintiff. Plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served.

7. Plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service within 90 days may result in dismissal of the action without further notice from the Court. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

8. The parties shall indicate their consent or refusal to the final assignment of this case to the magistrate judge by completing and separately filing the form entitled "Notice." While consent to the final assignment of the case to the magistrate judge is entirely voluntary, and no adverse substantive consequences of any kind will redound to an attorney or party refusing consent, each party must submit the form indicating their consent or refusal to consent within 30 days after the date of service on the last party.

SO ORDERED.[1]

August 11 , 2026                                    /s/ Paul G. Levenson
Date                                               Paul G. Levenson
                                                   United States Magistrate Judge

---

[1] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).